# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| REGINALD KELLY, | : | HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| BRIAN OWENS, Commissioner of the Georgia Department of Corrections, | : : : | CIVIL ACTION NO. 1:14-CV-2317-WSD-JFK |
|     Respondent. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Petitioner, Reginald Kelly, challenges the calculation of his state sentence. The matter is before the Court on the petition [1] and Respondent's answer-response and motion to dismiss for lack of exhaustion [9, 10]. For the reasons stated below, it is recommended that Respondent's motion to dismiss be granted and that the petition be dismissed without prejudice.

## I. Discussion

Petitioner contests the calculation of his sentence for the crimes on which he was arrested in Newton County on August 28, 2008. (Pet. at 1, ECF No. 1). The record shows that Petitioner currently is serving a twenty-year term of imprisonment, to be followed by consecutive probationary terms of twenty and five years, based on

his 2013 sentence in Newton County criminal action 2008CR2176-2. (Resp't Ex. 1, ECF No. 11-1). Petitioner asserts that he should receive credit for time served beginning on August 28, 2008, the date on which he originally was taken into custody. (Pet. at 1). Petitioner acknowledges that he must exhaust his state remedies and contends (1) that he filed an inmate grievance appeal, which was denied; (2) that he appealed to the Georgia Department of Offender Rehabilitation, appeal number 154326, which also was denied;[1] and (3) that he submitted a mandamus petition to the Fulton County Superior Court that went unanswered. (Id. at 2).

In response to the Court's Order to show cause, Respondent has submitted a copy of the Fulton County Superior Court's June 27, 2014, order that acknowledges receipt of Petitioner's mandamus petition, finds that he failed to file his petition on the "form required by the Administrative Office of the Courts," and directs the Clerk of

---

[1] Petitioner filed confidential grievance number 154326, which the warden at his place of confinement denied. (Resp't Ex. 5 at 8-9). Petitioner appealed to the Central Office, which reviewed his appeal and denied the grievance. (Id. at 10).

Petitioner previously challenged the calculation of his time served and relied on grievance 154326 and his appeal therefrom to satisfy exhaustion. (Resp't Ex. 5, ECF No. 11-2); Kelly v. Ga. Dep't of Corr., No. 5:13-cv-0423 (M.D. Ga. Sept. 2, 2014). That action was dismissed for lack of exhaustion in August 2014. (Resp't Ex. 7, ECF No. 11-7). In this action, Petitioner has added the additional step of attempting to pursue mandamus relief.

Court to reject the pleading for filing.  (Resp't Ex. 8, ECF No. 11-8).  Respondent argues that Petitioner has not exhausted his state remedies and that this action must be dismissed.  (Resp't Br. at 5-6, ECF No. 10-1).  Petitioner has not responded in a timely manner.

A federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).[2]  A district court, however, may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  The exhaustion requirement applies to all habeas corpus actions.  Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973).  To exhaust state remedies, a petitioner must present his claims to the highest state court of review according to that state's appellate procedure.  Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010).  Generally, if a

---

[2] Although Petitioner filed his action under 28 U.S.C. § 2241, "a habeas petition filed by a state prisoner in custody pursuant to the judgment of a state court is subject both to § 2241 and to § 2254, with its attendant restrictions."  Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004).

3

federal petitioner has not exhausted all of his claims, the district court should dismiss the federal petition without prejudice to allow exhaustion. Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (2007) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)).

Georgia remedies for a challenge to credit for time served on a state sentence require that an aggrieved prisoner seek relief from the Department of Corrections and, if dissatisfied, that he pursue mandamus relief against the Commissioner of the Department of Corrections. Cutter v. State, 275 Ga. App. 888, 890, 622 S.E.2d 96, 99 (2005); see also Hill v. Hall, No. CV 108-024, 2008 WL 4856209, at *3 (S.D. Ga. Nov. 6, 2008) (holding that proper exhaustion of sentencing-calculation claim requires exhaustion of remedies within the Georgia Department of Corrections and state mandamus remedies).

The record shows that Petitioner has not properly pursued and exhausted his state mandamus remedies, and, thus, his claim regarding the calculation of his sentence remains unexhausted. Further, Respondent has raised the affirmative defense of lack of exhaustion. See Ali v. State of Florida, 777 F.2d 1489, 1490 (11th Cir. 1985) (holding that when the petitioner has not exhausted available state remedies and the state asserts lack of exhaustion as a defense, dismissal is proper). Accordingly, it is recommended that Respondent's motion to dismiss be granted.

4

### III. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because lack of exhaustion is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

5

AO 72A
(Rev.8/82)

### III. Conclusion

**IT IS RECOMMENDED** that Respondent's motion to dismiss [10] be **GRANTED** and that the petition [1] be **DISMISSED** without prejudice for failure to exhaust state remedies.

It is **FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 14th day of November, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

6