IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD KELLY,

                Petitioner,

v.                                                                1:14-cv-2317-WSD

BRIAN OWENS, Commissioner of
the Georgia Department of
Corrections,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [13] ("R&R"). The R&R considers Petitioner Reginald Kelly's ("Petitioner") Petition for Writ of Habeas Corpus [1] ("Petition") and Respondent Brian Owens's ("Respondent") Motion to Dismiss [10]. The Magistrate Judge recommended that Respondent's Motion to Dismiss be granted, and that the Petition be dismissed, because Petitioner failed to exhaust his state court remedies.

## I.  BACKGROUND

This is the latest in a series of filings by Petitioner,[1] an inmate at the Riverbend Correctional Facility in Milledgeville, Georgia, related to his efforts to obtain credit toward his Georgia sentence of imprisonment for the time he spent in jail, either awaiting trial or serving his revoked probation time, since August 28, 2008.

On August 28, 2008, Petitioner was arrested in Newton County, Georgia, for drug, firearm, and theft crimes, including a "Schedule II" drug offense as defined in O.C.G.A. § 16-13-26(1)(D).  ("2008 Newton County Charges").  At the time of the arrest, Petitioner was on probation in connection with a prior conviction.  See Kelly v. Brown, No. 1:12-cv-1234, Doc. 18 (N.D. Ga. Nov. 26, 2014).

On August 29, 2008, Petitioner appeared before a Newton County magistrate judge who denied Petitioner bond on the ground that, because of the charged crimes, Georgia law authorized only a superior court judge to grant bond. Id.  On January 13, 2009, the Newton County Superior Court revoked Petitioner's probation, and Petitioner was remanded to the Georgia Department of Corrections

---

[1] Petitioner has filed numerous habeas petitions in the Northern District of Georgia.  See Kelly v. Brown, No. 1:10-cv-2912, (N.D. Ga. Oct. 8, 2010); see also Kelly v. Koons, 1:10-cv-46-ODE, (N.D. Ga. April 9, 2010); Kelly v. Goodrich, 1:10-cv-1532-ODE, (N.D. Ga. Aug. 17, 2010); Kelly v. Brown, No. 1:12-cv-1234 (N.D. Ga. Nov. 26, 2014).  All of these cases have been dismissed.

("GDOC"). Id. On September 8, 2011, Petitioner completed his revocation sentence, and he was transferred to the Newton County Jail to await trial on the 2008 Newton County Charges.

On May 20, 2013, Petitioner pleaded guilty in the Superior Court of Newton County to selling cocaine, possessing cocaine with the intent to distribute, possessing a firearm during the commission of a felony, and possessing a firearm as a convicted felon. On that same day, the court imposed a forty-year sentence, with the first twenty years to be served in confinement. See Kelly v. Brown, No. 1:13-cv-988, Doc. 7, Ex. E (N.D. Ga. Nov. 26, 2014). Petitioner is currently serving a twenty-year term of imprisonment, to be followed by consecutive probationary terms of twenty and five years, based on his 2008 Newton County Charges.

On November 8, 2013, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Georgia. See Kelly v. Ga. Dep't of Corr., No. 5:13-cv-423 (M.D. Ga. Aug. 29, 2014). In that case, Petitioner challenged the calculation of his time served and asserted the following claims to support that he exhausted his state law remedies: (1) he filed a grievance, No. 154326 (the "Grievance"), with the GDOC, that was denied; (2) he appealed the denial of the Grievance to the Georgia Department of Offender Rehabilitation,

which was also denied; and (3) on May 20, 2014, he filed a writ of mandamus in the Fulton County Superior Court ("Superior Court"), which he asserts was never "acknowledged," to compel the GDOC to credit him for the time he served in jail after the 2008 Newton County Charges (the "Mandamus Action"). (Id. at 2-3; see also [11], Resp't Ex. 6 at 4).

On June 27, 2014, the Superior Court denied Petitioner's Mandamus Action because he did not file it "on the form required by the Administrative Office of the [c]ourts," and directed the Superior Court clerk to reject the pleading for filing. (See id., Resp't Ex. 8).

On August 5, 2014, "immediately following the denial of [his mandamus] application which had been improperly submitted," Petitioner re-filed it. (See Obj. at 1; see also Obj. at 16).

On August 29, 2014, the United States District Court for the Middle District of Georgia dismissed Petitioner's petition for lack of exhaustion. (See [11], Resp't Ex. 7). The court found that "[i]t is undisputed that no state court has considered the issues raised by Petitioner in his federal habeas petition" because "[p]etitioner assumes that an appeal to the GDOC and a petition for a writ of mandamus in the appropriate state court will necessarily have the same outcome." (See id., Resp't Ex. 6 at 3-4 (Hyles, M.J.), adopted by Resp't Ex. 7 (Treadwell, J.)). The court

noted also that "[w]hile the [c]ourt cannot know what might come of a petition in state court, neither can Petitioner, and therefore, he must make the required attempt at the state judicial level to resolve the issues before filing in federal court." (See id. at 4).  The court also rejected Petitioner's argument that he satisfied exhaustion because he filed a Mandamus Action in the Superior Court, noting that the Superior Court's delay in reaching a decision on Petitioner's Mandamus Action "had no bearing" on the court's decision.  (Id.).

On July 18, 2014, Petitioner filed his Petition in this Court, pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence.  (Pet. at 1).  Petitioner asserts that he should receive "full . . . day for day" credit for the time that he served beginning on August 28, 2008, the date that he was initially taken into custody.  (Pet. at 3).  Petitioner concedes that he must exhaust his state remedies, and asserts that he has satisfied exhaustion, relying on the Grievance and his appeal preceding its denial.  The arguments that Petitioner raises in this Petition are nearly identical to the arguments he raised in his petition that was dismissed by the United States District Court for the Middle District of Georgia.  In his Petition, Petitioner also reiterates his general dissatisfaction with what he perceives is the Superior Court's excessive delay in deciding on his Mandamus Action.  (Pet. at 2).

On October 27, 2014, Respondent filed its Motion to Dismiss.

On November 14, 2014, the Magistrate Judge issued her R&R, recommending that the Petition be dismissed without prejudice because Petitioner failed to exhaust his state court remedies. The Magistrate Judge further recommended that a certificate of appealability ("COA") be denied because reasonable jurists could not debate that Petitioner failed to exhaust his state court remedies.

On November 17, 2014, the Clerk of Court received Petitioner's "Objection to Respondent's Motion" ("Objection") [15].

## II.   DISCUSSION

### A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge

must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Although Petitioner signed his Objection on November 9, 2014, the Clerk of Court filed it on November 17, 2014, the day it was received.  "Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing.  Absent contrary evidence, we will assume that a prisoner's filing was 'delivered to prison authorities the day he signed it.'"  Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), and citing Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999)); see also Houston v. Lack, 487 U.S. 266, 276 (1988).  Because the R&R was issued after Petitioner signed his Objection, but before the Court received it, the Court conducts a *de novo* review of the record.

 B. Analysis

  1. The R&R

The Court agrees with the Magistrate Judge's recommendation that the Petition should be dismissed because Petitioner has not exhausted his state court remedies.[2]  "Although under O.C.G.A. § 17-10-11(a) a convict should be given

---

[2] Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  A district court may not grant habeas relief unless

credit for time spent in confinement awaiting trial, 'the amount of credit is to be computed by the convict's pre-sentence custodian, and the duty to award the credit for time served prior to trial is upon the [GDOC].'" Cutter v. State, 622 S.E.2d 96, 99 (Ga. App. Ct. 2005) (citations omitted).  Petitioner sought relief from the GDOC, which denied the Grievance, and "[d]issatisfaction with that relief . . . would be 'in a mandamus or injunction against the Commissioner of the Department of Corrections.'"  Id.

Because Petitioner has already sought relief directly from the GDOC, "he may file a mandamus or injunction against the Commissioner of the GDOC in the applicable *Georgia superior court.*"  Davenport v. Reinhardt, No. 7:11-cv-24 (HL), 2011 WL 739345, at *2 (M.D. Ga. Feb. 23, 2011) (citation omitted).  "The final decision may then be appealed to the Georgia Supreme Court [,] [and] [*a*]*fter completing these steps,* [Petitioner] may *then* file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court."  Id. (emphasis added).

---

(1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) circumstances exist that render such process ineffective to protect the rights of the applicant."  A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Finally, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  Id.

Petitioner must exhaust his state court remedies before the Court can grant federal habeas relief.  See 28 U.S.C. § 2254(b)(1)(A); Ali v. State of Fla., 777 F.2d 1489, 1490 (11th Cir. 1985) (affirming dismissal of federal habeas petition "[b]ecause it is clear that the state is asserting exhaustion as a defense, and because it is clear that [the petitioner] did not exhaust available state remedies").

### 2. Petitioner's Objection

In his Objection, Petitioner asserts that the "sole reason for submitting his 2241 Petition was in hopes that he could compel the state to deal with his credit." (Obj. at 2).  To the extent Petitioner's Objection could be construed as seeking relief from this Court to compel a decision on his state court mandamus petition, "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (citing Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)).  The Court thus lacks jurisdiction to compel the Superior Court to take any action regarding Petitioner's mandamus petition.  See McDuffie v. Downs, No. 1:10-cv-2118-TWT, 2010 WL 3239215, at *1 (N.D. Ga. Aug. 31, 2010) (court lacked power to issue writ of mandamus directing state court judge to resolve plaintiff's pending motion for new trial, even though it had been pending

for ten years); see also Brown v. Lewis, 361 F. App'x 51, 56 (11th Cir. 2010) (federal district court lacked authority to issue writ of mandamus to compel state court to unseal adoption records).

In his Objection, Petitioner also appears to argue that "for him to continue to send applications to Fulton County is futile" and constitutes an unreasonable delay in the processing of his state Mandamus Action. (Pet. at 5). "A federal habeas petitioner need not wait until his state petition[] for relief [is] exhausted, if the state court has unreasonably or without explanation failed to address [the] petition[] for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991). There is no single standard for evaluating what constitutes an unreasonable delay. See id.

The Eleventh Circuit has held that even past lengthy delays may be justifiable if the State is currently "moving forward" with the petitioner's state proceedings. See Tabatabee v. Barrow, No. 2:12-CV-00150-RWS-JCF, 2012 WL 7018193, at *3 (N.D. Ga. Dec. 10, 2012) (citing Rheuark v. Wade, 540 F.2d 1282, 1283 (5th Cir. 1976)) ("Eleventh Circuit precedent recognizes that "an inordinate and unjustified delay in the state corrective process may well result in the frustration of petitioner's rights and be such a circumstance as to render that process ineffective."); id., 2012 WL 7018193, at *5 (citing Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005)) (finding that "the passage of time does not

excuse [petitioner's] failure to exhaust his state court remedies fully before filing [his] federal habeas petition" when his state habeas petitions appeared to be "moving forward").

Here, Petitioner filed his Mandamus Action on May 24, 2014. On June 27, 2014—nearly one month later—the Superior Court rejected Petitioner's Mandamus Action because Petitioner did not comply with the Superior Court's filing instructions.[3] The Court finds that the three month period between the filing of Petitioner's May 24, 2014, state Mandamus Action—during which time the Superior Court denied it for improper filing— and the filing of his July 18, 2014,[4] federal habeas Petition is not an unreasonable delay and does not rise to the level required to excuse Petitioner from exhausting the remedies available at the state level.  See Slater, 147 F. App'x at 960 (affirming dismissal for failure to exhaust state remedies because, although there was "some question as to why it would take 14 months to appoint [appellate] counsel" for petitioner, his direct appeal now appeared to be "moving forward" in state court); see also Hughes v. Stafford, 780

---

[3]   On August 5, 2014, Petitioner re-filed his Mandamus Action, which he alleges remains "unanswered" by the Superior Court.  (Pet. at 2).

[4]   Based on his Objection, which he filed on November 9, 2014, the Court presumes that the Superior Court never decided his Mandamus Action based on his assertion that "Fulton County apparently never acknowledged rcieving [sic] or having is newly submitted mandamus, which is obvious why the respondent has assumed that Petitioner failed to exhaust his state remedies."  (Obj. at 2).

11

F.2d 1580, 1581 (11th Cir. 1986) ("Although the eight-year delay in the state's ruling on [the] habeas corpus petition should not have occurred, the state court nonetheless acted on the merits with prompt speed when [the petitioner] asked for a ruling and there [was] nothing to indicate [the petitioner] would not have received an expeditious handling of his case by the Georgia Supreme Court.").

Because Georgia law allows Petitioner to seek a writ of mandamus to compel the Superior Court to rule on his Mandamus Action—which appears to be pending in the Superior Court[5]—Petitioner has not exhausted his state remedies, and his Petition is required to be dismissed.

### 3.  Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. at 484 (2000).

---

[5] Petitioner does not offer any evidence to show that the Superior Court has actually reached a final judgment on his Mandamus Action.

The Magistrate Judge recommended that a COA not be issued, finding that Petitioner failed to meet the standard set forth in Slack.  It is not debatable that the Petition must be dismissed because Petitioner failed to exhaust his state court remedies.  See 28 U.S.C. § 2254(b)(1)(A); Ali, 777 F.2d at 1490.  The Court finds no error in the Magistrate Judge's determination that a COA should not be issued.  See Slay, 714 F.2d at 1095.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Janet F. King's Final Report and Recommendation [13].

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss [10] is **GRANTED**.

**SO ORDERED** this 8th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE